# ANGELA LOMBARDO

## *vs.*

## THE CLIFFORD BROTHERS COMPANY.

*Landlord and Tenant—Payment of Rent—Waiver of Condition—Enforcement of Forfeiture.*

An understanding that the monthly rent would be mailed to the landlord *held* to have been waived by continuous conduct on the landlord's part in going to the tenant's place of business and there collecting the rent, without making any objection.  p. 36

Equity will grant relief from a forfeiture for breach of a condition which is provided to secure the payment of money, as in the case of a right of entry for the non-payment of rent at the time designated in the lease.  pp. 36, 37

The conduct of a landlord, in a long course of dealing, in accepting rent a number of days after it was due, and in calling for the rent at the tenant's place of business without any complaint as to lack of promptitude in payment or as to the tenant's failure to mail the rent to the landlord, *held* sufficient to lead the tenant to believe that prompt payment would not be insisted upon, and that it was not intended to enforce a provision for forfeiture in case of non-payment of rent within ten days after it was due, and consequently to preclude the landlord from claiming a forfeiture without notice of her intention to do so.  p. 37

*Decided June 28th, 1921.*

Appeal from the Circuit Court No. 2 of Baltimore City (DAWKINS, J.).

Bill by The Clifford Brothers Company against Angela Lombardo for specific performance of a covenant in a lease. From a decree for plaintiff defendant appeals.  Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Read A. McCaffrey,* for the appellant.

*J. Purdon Wright,* with whom was *Paul R. Kach* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant in this case, Angela Lombardo, on the 7th day of December, 1916, leased unto the appellee, The Clifford Brothers Company, a corporation, certain leasehold property in the City of Baltimore, known as 404 Colvin Street, for the term of five years from the date of the lease, at the monthly rental of twenty dollars payable in advance, with the provision that should the rent be ten days in arrears, the lessor should have the right to re-enter and take possession of the leased premises.

The lease contained the further provision that the lessee should have the privilege or option of purchasing the leased property at any time during the tenancy at and for the sum of two thousand dollars; and should it exercise such option, it was therein covenanted by the lessor that she would convey the said property to the lessee free and clear of all liens and incumbrances.

On the 12th day of June, 1920, the lessee filed its bill alleging therein that it had notified the defendant, Angela Lombardo, of its intention of exercising the privilege or option of purchasing the said leased property and had done all that was required of it to be entitled to have said property conveyed to it by the lessor, but she had refused to convey the same in accordance with the provisions of the lease.

The defendant answered the bill, charging the plaintiff with having repeatedly defaulted in the provision of the lease in respect to the payment of rent within the time stipulated

therein, which she claimed rendered void "the further opera-
tion of the lease, including any right or option of purchase
contained in said lease," and "that finally on the 27th day
of April, 1920, the monthly installment of rent, due on the
1st day of April, 1920, remaining unpaid and being twenty-
seven days over-due," she availed herself of said provision of
the lease and notified the lessee of her intention to re-enter
and take possession of the leased property; and that it was
not until such notice was given that the lessee notified her of
its intention to purchase said property under the provision
contained in the lease; at which time she claims the plain-
tiff's right to purchase the leased property no longer existed,
because of its said default and the action taken thereon by
her.

The plaintiff's right to the relief sought in this case de-
pends altogether upon the question whether its right to pur-
chase the leased property at the sum named in the lease was
forfeited by it because of its failure, under the facts and cir-
cumstances shown in the record, to pay the rent covenanted to
be paid within the time stipulated in the lease.

The plaintiff corporation is engaged in the manufacture of
candy and was so engaged at the time of the execution of the
above mentioned lease of 404 Colvin Street. It was then
occupying and using for said business purpose both 402 and
406 Colvin Street, and it was because of its location in re-
spect to 402 and 406 that 404 Colvin Street became especi-
ally desirable to the plaintiff.

The monthly payment of rent for the property so leased
was regularly made, that is, within ten days after the same
became due, until April, 1918, fifteen or more months after
the lease became effective (unless there was a default in the
payment of the January rent, 1918, which is not clear from
the record), when the payment was made on the 16th for
that month. The monthly payments thereafter were all made
within the stipulated period with the following exceptions:
The June and November payments of the year 1918 were

made on the 11th and 14th of those months respectively; the payments for February, July, August, October and December were made on the 13th, 18th, 12th, 13th and 20th of those months respectively; and the payment for March, 1920, on the 23rd of that month. The record also discloses that for other months the rent was paid in advance of the time of payment. A part payment for April, 1918, was paid on the 15th day of March and the rent for November, 1919, was paid on the 17th of October of that year.

The lease is silent as to where the rent was to be paid and upon this question there is a conflict of evidence. The defendant and her son testified that, at the time of the execution of the lease, Frank J. Clifford, president of the plaintiff corporation, the only person present other than themselves, as claimed by them, stated that the rent would be mailed to the defendant, which they say was done for a number of months thereafter, after which time, the defendant, her son or daughter, would go to the plaintiff's place of business and there collect the rent. This they say they did because of the failure of the plaintiff to mail to the defendant the rent promptly when due, but Mr. Clifford emphatically denied that he ever made the statement that the rent would be mailed to her, and stated that it was mailed to her only on occasion when he was ill and not at his place of business, when the defendant, her son or daughter, called for it. At such times, a check would be brought to his home to be signed by him and, when so signed, was mailed to her. There were probably several other occasions when they called for the rent, that he told them he would mail them a check the next day, which was invariably done.

Several of the employees of the plaintiff, including the secretary of the company, whose work was in the office of the company, fully corroborated Mr. Clifford in his statement that the rent was from the beginning of the tenancy paid to the defendant or those sent by her, when she or they called

for it, except on such occasions as those mentioned by Mr. Clifford.

It is conceded by the defendant that after some months the rent was collected by her or those representing her at the plaintiff's place of business, and the only conflict of evidence is as to how or where the rent for the first part of the term was collected, and this we think is not at all important in the decision of this case. For if it were the understanding, as claimed by her, that the rent was to be mailed to her and was not so mailed to her, this requirement was waived by her because of her continuous conduct thereafter in going to the plaintiff's place of business and there collecting the rent, without making the slightest complaint to the plaintiff of its failure to pay the rent promptly when due, or of its failure to mail it to her, which she states the plaintiff was to do; nor did she at any time complain of the fact that she was required, as she says, to go to the plaintiff's place of business to collect the rent.

She had received the rent for March, 1920, and the only month for which she had not been paid was the month of April following, and it was because of the plaintiff's failure to pay the rent for that month, and that month alone, within the stipulated period of the lease, that she sought to re-enter and take possession of the premises, and for this month, she neither called at the plaintiff's office to collect the rent therefor, nor did she in any other way ask for its payment, before attempting to re-enter and take possession of the leased premises because of said alleged breach of the lease, when she could have gotten it at any time after the same became due, as stated by the plaintiff and its witnesses.

As said by this Court, speaking through JUDGE URNER in *Wylie* v. *Kirby,* 115 Md. 286, "It is an established doctrine that equity will grant relief from a forfeiture, where such condition is provided to secure the payment of money, as in the case of a right of re-entry for the non-payment of rent at the time designated in the lease. *Carpenter* v. *Wilson,* 100

Md. 22; *City Bank of Baltimore* v. *Smith,* 3 G. & J. 280; *Story's Equity Jur.* (13th ed.) Secs. 1314 to 1316."

We further said in that case, quoting from 1 *Pomeroy's Eq. Jur.* Sec. 453: "Where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money."

There is nothing in the record even to indicate that the condition of forfeiture was intended to serve any other purpose than that of a security for the payment of the rent at the time stated therein. It is shown that all the rent accruing to April, 1920, has been paid, and that a check for that month, as well as checks for all succeeding months, have been drawn and signed ready for delivery to the defendant upon her willingness to accept the same.

The conduct of the defendant in her long course of dealing with the plaintiff was, we think, sufficient to have led the plaintiff to believe that prompt payment would not be insisted upon, and that it was not her intention to enforce a forfeiture because of the alleged breach of said condition of the lease, and therefore the defendant should not be permitted, without notice of her intention to do so, to enforce a forfeiture for a breach of said condition of the lease. 16 *R. C. L.* 652.

The decree of the court below ordering and directing the defendant to convey said property to the plaintiff upon the payment to her of the sum of two thousand dollars, and the rent stipulated in the lease from the 1st day of April, 1920, to the date of the decree, will be affirmed.

*Decree affirmed, with costs.*